The opinion of the court was delivered by
Valentine, J.:
On May 2d 1872, C. H. McCormick & Bro. brought an action before a justice of the peace on a certain promissory note against Thomas R. Points, Josephus Jacobia, and Jacob Jacobia. Personal service of summons was had on Thomas R. Points and Jacob Jacobia. No service was had on Josephus Jacobia, and he made no appearance in *53 the case. Neither did Jacob Jacobia make any appearance in the case. At the time the action was set for trial Points appeared before the justice and filed a bill of particulars, admitting that he executed the note, but claiming that he did so as a surety only, and, that the other defendants were the principals thereon. He then introduced evidence tending to show that he was only surety as aforesaid. The justice then rendered a judgment in favor of said McCormick & Bro. for the amount of the note, and against Jacob Jacobia as principal, and Thomas R. Points as surety. Afterward Jacob Jacobia paid said judgment, and then commenced this action against Points for contribution, claiming that Josephus Jacobia was the principal, and that he as well as Points was only a surety. The action was tried and judgment was rendered in favor of Jacobia and against Points, and Points now seeks to reverse that judgment.
, 1. Principal ana surety, I. The first question arising in this case is, whether a justice of the peace has power in any case to render judgment against one of two or more defendants as ° principal debtor, and against another of the defendants as surety. Section 470 of the civil code provides as follows:
“Sec. 470. In all cases where judgment is rendered in any court of record Avithin this state upon any instrument of Avriting in Avhich two or more persons are jointly and severally' bound, and it shall be made to appear to the court by parol or other testimony, that one or more of said persons so bound signed the same as surety or bail for his or their co-defendant, it shall be the duty of the clerk of said court, in recording the judgment thereon, to certify Avhich of the defendants is principal debtor, and which are sureties or bail.”
And said section further provides that in all cases the property of the principal debtor shall be exhausted before any of the property of the surety or bail shall be taken in execution. (Gen. Stat., 720,721.) It is claimed that this section applies to courts of record only, and not to justices courts, which are not courts of record. But we should think that § 185 of the justices act Avould make this section applicable *54 to justices courts as well as to courts of record. Said §185 reads as follows:
“Sec. 185. The provisions of an act entitled 'an act to establish a code of civil procedure/ which are in their nature applicable to the jurisdiction and proceedings before justices, and in respect to which no special provision is made by statute, are applicable to proceedings before justices of the peace.” (Gen. Stat., 814.)
It is claimed however that the provisions of said § 470 of the civil code are not in their nature “applicable to the jurisdiction and proceedings before justices.” But why they are not applicable, we are not definitely informed. It would seem however from § 139 of the justices act that the same legislature that passed both the code and the justices act intended that the provisions of said § 470 should be applicable to justices courts. Said §139 provides among other things as follows: “The execution must require the constable substantially as follows: * * * Second: If it be a case where any of the judgment-debtors are certified on the justice’s docket as surety, it shall command that the money be made of the personal property of the principal debtor, and for want thereof of the personal property of the surety. In such case the personal property of the principal subject to execution within the jurisdiction shall be exhausted before any of the property of the surety shall be taken in execution.” (Gen. Stat., 805.) Now, if said §470 of the code does not apply to a justice’s court then that portion of § 139 of the justices act above quoted is absolutely nugatory, and can have no possible.application anywhere. This is not the manner in which courts construe statutes. Courts as a rule construe statutes so as to give every portion of the statutes some force and effect, some application and some operation. With regard to the application of statutes of other states similar to ours, see Swan’s Treatise for Justices of the Peace, 195, ch. 18, § 14. We suppose no question will be raised because the note sued on in this case is in form joint, and not joint and several; for under our statutes every such note *55 is several as well as joint. (Gen. Stat., 183, ch. 21, §§ 1, 4.) We think that such a judgment as was rendered in this case in favor of McCormick & Bro. and against Jacob Jacobia as principal and Thomas R. Points as surety, may be rendered before a justice of the peace. When we use the word “judgment,” we do not'mean to say that it is in fact a judgment between the defendants, but we mean only that it is a judgment in favor of the plaintiff, and against one of the defendants as principal, and against the other as surety. We do not now wish to say what it is, as between the defendants, whether it is a judgment, or an order, or something else. Section 470 of the code seems to contemplate it as a certificate of the clerk upon a determination by the court. Section 139 of the justices act seems to contemplate it as a certificate of the justice.
2. night to compelcontribution. II. The next question is, what is the force and effect of said judgment? Is it a judgment, or an order, or something else? It is an adjudication at all, as between the ' 17 ' defendants? Must the question be heard upon pleadings, or upon a written motion, or merely upon an oral suggestion? Must the supposed surety have a summons or a notice served upon the supposed principal, that such a question will be heard? And when the question is heard, is it a final determination of the rights of the parties? Or, is the certificate of the clerk, or justice, if made, merely a direction to the officers that the principal’s property must first be taken in execution? and if such certificate is not made, no adjudication at all? It seems to be settled that “no pleading or other formalities are required by the code to bring the question (of who is principal and who is surety) before the court, but simply the production of the testimony to make the facts appear.” Kupfer v. Sponhorst, 1 Kas., 75, 85; Rose v. Madden, 1 Kas., 445; Kelley v. Collins, 11 Ohio, 310. From this it would seem that in every case where two or more persons are sued on any written instrument, the question of who is principal, and who is surety, is pending for all the purposes of this proceeding, without pleadings, motions, additional *56 summons, notice, or any other kind of writing whatever. Now, if this is so, then if the rendering of a judgment against the defendants, with' a certificate that one of them is principal, and the other surety, is a final determination of the rights of the defendants as between themselves, and that one of them is merely a surety, then the rendering of a judgment against the defendants without this certificate would equally be a final determination of the rights of the defendants as between themselves, and that neither of them was merely a surety. This can hardly be the law. Final judgments are never rendered in courts of record in such a loose, informal, and summary manner. If such a proceeding as this is the final determination of the rights of the defendants, as between themselves, then we may have the ultimate rights of a party determined in his absence, without any actual notice that such a determination would be had, without any written statement of the claim of the other defendant against him, and without any record of the determination except the said certificate of the clerk attached to the judgment. We are of the opinion that this certificate of the clerk is intended only as a direction to the clerk in issuing the execution, and a direction that when he issues the execution he shall direct the sheriff to levy on the property of the principal first, and not to levy on the property of the surety until the property of the principal shall first be exhausted. We confine our decision strictly to this particular case.' In a case where the defendants really litigate the question, we express no opinion. The defendants might all appear, file pleadings, and introduce evidence under them, or they might litigate the question on a written motion, or they might introduce their evidence without filing pleadings, or any written motion. In all these cases we express no opinion. Neither do we express any opinion as to the extent, scope, and operation of § 480 of the code. We think however the plaintiff Jacobia may recover against the defendant Points in this action.
The judgment of the court below is affirmed.
All the Justices concurring.