The opinion of the court was delivered by
Valentine, J.:
This was an action to obtain an injuncr tion to restrain the collection of certain taxes levied upon the plaintiff’s property for the year 1872. These taxes were, •first, a city tax levied upon the plaintiff’s property by the city of Troy, Doniphan county; second, a school-district tax levied upon the plaintiff’s property by school district No. 21 of Doniphan county. The plaintiff applied to the judge of the district court at chambers for a temporary injunction to restrain the collection of said taxes until the action could be heard upon its merits. The judge refused said temporary *303 injunction, and from that refusal the plaintiff now brings the case to this court. It seems that the city of Troy, a city of the third class, and school district No. 21, each occupy and' cover the following territory, to-wit, the south half of section 17, township 3, range 21 east, in Doniphan county. The »plaintiff’s property is located in the southeast quarter of section 18, township 3, range 21 east. The principal if not the only disputed questions of fact presented to the judge of the court below for his consideration, were, whether the plaintiff’s property was included in said city and said school district during the’ year 1872, or not. If the property was included in said city and school district, then it was liable for the taxes imposed upon it; but if not, then it was not subject to said taxes. The plaintiff’s petition, which was sworn to, and made an affidavit as well as a petition, and the other affidavits and evidence of the plaintiff, showed, at least prima facie, that the plaintiff’s said property was not included in said city or said school district. The defendants then introduced evidence tending to show that said property was included in said city and in said school district. "Was said evidence competent ? and did it show said facts ? These are the questions we have to determine.

*304
1. cities. Power poratelimits.

2. ThM-ciass Sm andiWi.

*303 The city of Troy was incorporated in 1860, under a special act of the territorial legislature of Kansas, entitled “A bill to incorporate the city of Troy,” approved February 24th, 1860. (Private laws of 1860, page 217.) Under this act the city of Troy included only the south half of said section 17, and did not include any portion of the southeast quarter of said section 18; and under this act the city had no power to extend its corporate limits. The city was governed by this act up to March 16th, 1871, when it became a city of the third class by virtue of the third-class city act passed March 2d, 1871; (Laws of 1871, p. 118, ch. 60;) and it still continues to be governed by said third-class city act. The only evidence introduced tending to show that the plaintiff’s property was included in said city was the following: The defendants introduced evidence tending to show that the mayor *304 and council of the city of Troy did, on the 18th of February 1869, pass an ordinance extending the boundaries of said city so as' to include said southeast quarter of section 18. The petition upon which it is claimed that this ordinance was passed is dated March 19th 1869, one month and one day subsequent to the passage of the ordinance; and was filed in the city register’s office April 5th, 1869. But still, if the ordinance had been passed ever so regularly, it would undoubtedly be void, for the city of Troy did not at the time this- ordinance is ■ claimed to have been passed have any power to extend its corporate limits. At that time there were no cities of the third class in Kansas. The first act of the legislature authorizing the incorporation of cities of the third class was passed March 1st, 1869, and did not take effect until July 12th,
1869; (Laws of 1869, page 80.) And even if the city of Troy had organized as a city of the third class, as it had a right to do under said third-class city act, on or after July 12th, 1869, and by that means obtained the power to extend its corporate limits, still such organization would not have made valid the prior invalid ordinance attempting to extend the boundaries of the corporation passed before said act was passed, or took effect. And neither could the event of the city of Troy becoming a city of the third class under and upon the taking effect of the third-class city act of March 2d, 1871, with power to extend its corporate limits, make valid said previous invalid ordinance.
4. Retrospective legislation. The taxes complained of were levied in 1872, for the year 1872. This suit was commenced February 7th, 1873, to enjoin their collection. The said application for a temporary injunction was heard and decided February 19th, 1873. And the case was brought to this court March 10th, 1873. On March 6th, 1873, an act of the legislature was passed, which took effect March 20th, 1873, (Laws of 1873, page 135,) after this case had been brought to this court, which act it is claimed makes said city tax valid. This cannot be so. The annexation of said property *305 to said city was void, not for any irregularity merely in the annexation proceedings, but void because the city had no power to annex it. The tax levied on said property was void, not for any irregularity merely in the tax proceedings, but void because the city had no power to tax it.. Both the annexation of said property, and the taxing of it, were void for the want of jurisdiction over the subject-matter thereof. . Retrospective statutes of a remedial üature, curing the defective execution of some power really possessed by the person, tribunal, or officer attempting to exercise it, have often been held valid. But a retrospective statute attempting to create a power, or to cure a defect of jurisdiction, we believe has never been held valid. (Shawnee Co. v. Carter, 2 Kas., 115, 134; Cooley Const. Lim., 383.) The statute we are now considering was probably not intended to apply to cases like this. It was probably intended to apply, only to cases where the city attempting to annex property had the power to annex it, but exercised that power irregularly, defectively, or informally. But whatever may have been intended, said statute could not make said illegal tax valid. It will be noticed that the statute took effect while this case was pending in this court, and therefore we might apply the .rule applied in the case of Sleeper v. Bullen (6 Kas., 300, 309, 310,) that “the supreme court upon petition in error hears and determines such questions only as were passed upon by the court below.” But as this case will be remanded for further proceedings, it seemed proper to determine' the force and effect of said act of March 6th, 1873.
s. school aistricts. Plats ana record. The only evidence introduced to prove that the plaintiff’s property was included in said school district was, “what purported to be a tabular list, or description, of the . . .... . * . _ __ . several school districts oí said Doniphan county, and showing the lands embraced therein, and containing said southeast quarter of section 18, township 4, of range 21 in school district No. 21, indorsed ‘ filed in the office of said county clerk;’ but the same was not signed, certified, or-oth-' erwise attested. The plaintiff objected to the introduction *306 of this paper, but the judge received and considered the same as evidence, subject to plaintiff’s exceptions thereto, then duly taken.” Of course, this was not legal evidence. There was nothing to show that it was a record, or a copy of any record; or who made it, or when it was made; or where it came from, or who indorsed it, “filed in the office of the county clerk.” Besides, this paper made a mistake in the number of the township, saying “township 4” instead of “township 3.” Of course the court erred in receiving it as evidence. We should judge from the evidence, though the record does not clearly show it, that the plaintiff’s property was in school district No. 9 ; that the county superintendent detached it from district No. 9, and put it in district No. 21; that an appeal was taken, and the county commissioners on the appeal put it back into district No. 9; and that all this was done before the year 1872.
The order of the judge of the court below refusing said temporary injunction is reversed, and cause remanded for further proceedings.
All the Justices concurring.