A. T. & S. F. RAILROAD CO. v. L. W. WOODCOCK, *as Treasurer, &c.*

1. LEVY OF TAXES; LIMITATION; *Powers of County Board.* Where the county commissioners of Sedgwick county, in levying taxes for the year 1874, levied for current expenses a tax of one per cent., which tax was all that they had any power to levy during that year for that purpose, and then in addition to said tax, and apparently without any authority, they levied another tax of eight mills on the dollar to meet a deficit in the county revenue of the preceding year, *held*, that the levy of said eight-mill tax was and is illegal and void.

2. ——— *Curative Acts; Constitutional Law.* On the 6th of March 1875, the legislature passed an act entitled "An act to legalize a certain levy of taxes," which act provides "that all levies of taxes heretofore made by the board of county commissioners of Sedgwick county, in the year 1874, be and the same are hereby legalized.'" *Held*, That said act does not make valid said eight-mill tax; that even after the passage of said act, said eight-mill tax is not sustained or upheld by any law which distinctly states the object of the tax.

*Error from Sedgwick District Court.*

INJUNCTION, brought by the *Railroad Company*, to restrain certain alleged illegal taxes. The district judge granted a

temporary injunction, 30th January 1875. Afterward, and after the passage and approval of ch. 8, laws of 1875, said temporary injunction was dissolved, on motion of *Woodcock*, county treasurer. Plaintiff appeals from the order dissolving the injunction, and brings the case here on error.

*Ross Burns*, and *J. G. Waters*, for plaintiff.

*H. C. Sluss*, for defendant.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by the Atchison, Topeka & Santa Fé Railroad Company to perpetually enjoin the collection of certain taxes. It seems that in 1874 the county commissioners of Sedgwick county, and various school-district boards of said county, levied various taxes on the property within said county, and within said school districts respectively, several of which said taxes are claimed by the plaintiff in this case to be illegal and void. This action was commenced to restrain the collection of such of said taxes as are claimed to be illegal and void so far as the same are levied upon or affect the property of the plaintiff. A temporary injunction was also prayed for in said action, and the same was granted by the court, after a hearing of the application therefor on the petition of the plaintiff, and on an agreed statement of the facts of the case made by the parties. Afterward, and on March 6th 1875, the following act was passed by the legislature, to-wit:

CHAP. 8.—AN ACT TO LEGALIZE A CERTAIN LEVY OF TAXES.

*Be it enacted by the Legislature of the State of Kansas*, That all levies of taxes heretofore made by the board of county commissioners of Sedgwick county, Kansas, in the year 1874, be and the same are hereby legalized.

SEC. 2. This act shall take effect and be in force from and after its publication in the Kansas Farmer.

Approved March 6, 1875.—(Laws of 1875, page 6.)

Afterward, the defendant answered, setting up the passage of said act, and also made a motion to dissolve said temporary

injunction so far as the same restrained the collection of a certain eight-mill tax levied by the county commissioners for the purpose of meeting a deficit in the county revenue for the year 1873. The only ground upon which said motion was made, was, the passage of said act by the legislature. The court below sustained the motion. The plaintiff excepted, and now brings the case to this court for review.

The only question presented in this court is, whether said eight-mill tax was valid at the time said motion was sustained, and at the time said temporary injunction was dissolved. Involved in this question, however, are these other questions: 1st, Was said eight-mill tax valid when it was levied? 2d, and if not, did it become valid by the subsequent passage of said act? All these questions we think must be answered in the negative. The county commissioners had no power to levy said eight-mill tax. There is no statute which in terms gives them any such power. There was no vote of the people, or the electors, attempting to authorize it. And this power to levy taxes for the current expenses of their county was otherwise exercised and exhausted by levying all the taxes that they had any authority to levy under that power. Under that power they could levy only one per cent. on the value of the taxable property in ʰheir county. (Gen. Stat. 294, § 181.) And aside from this eight-mill tax they exercised this power to its fullest extent, by levying all the taxes that they had power to levy for current expenses for the years 1871, 1872, 1873, and 1874. Said eight-mill tax was therefore not levied in pursuance of any law, and was therefore void. (Const., art. 11, § 4.)

But was said tax made valid by the subsequent passage of said act of the legislature? We think not. And two reasons may be offered therefor: 1st, The tax was void when levied, not because of any mere irregularity in the tax proceedings, but because the commissioners had no power to levy the same. 2d, the only act or law upon which the supposed validity of said tax is founded, (the curative act of 1875, above quoted,) does not in any manner state the object of the tax. An ir-

regular·or defective execution of any power or authority may generally be so aided or cured by a subsequent statute passed for that purpose, and having a retrospective operation. But a want of power or authority can seldom if ever be so aided or cured. (12 Kas. 305.) Where the taxing officers have power to tax, but exercise that power irregularly or defectively, the legislature may generally make the tax valid by subsequent legislation. But where the taxing officers have no power to levy the particular tax in question, but attempt to do so, the legislature can seldom if ever make such a tax valid. We have already given the act of the legislature under which it is claimed said tax is validated. Let us now quote a section of the constitution relating to the levy of taxes, as follows:

"SEC. 4. No tax shall be levied except in pursuance of a law, which shall distinctly state the object of the same, to which object only such tax shall be applied." (Const., art. 11, § 4.)

Now the tax in question in this case was not only not *levied* "in pursuance of a law," but it is not *sustained* by any law which "distinctly states the object of the same." This we think is fatal to the tax. It is possible however that it is not necessary that the curative act should in all cases state the object of the tax. When a tax is levied in pursuance of a law, and that law itself distinctly states the object of the tax levied under it, it would seem that that should be sufficient. If for some defect or irregularity in the tax proceedings it were thought that the tax were illegal and void, or voidable, and therefore a curative act should be passed for the purpose of validating such tax, it would probably not be necessary in such a case that the curative act should also distinctly state the object of the tax. But still, it is probably necessary in all cases that every tax should be sustained by some law which should distinctly state the object of such tax. This would seem to be necessary under said § 4 of article 11 of the constitution. Now the tax in the present case is sustained by no law except said curative act, and that act does not state

the object of any tax. Said act is, according to the title of
the act, "An act to legalize *a certain levy* of taxes;" but ac-
cording to the body of the act it is an act to legalize "*all
levies* of taxes heretofore made by the board of county com-
missioners of Sedgwick county, in the year 1874;" and
neither the object of the "certain levy of taxes," nor the ob-
ject of the "all levies of taxes," is anywhere stated in the act.
Now it may be, that there is some levy of a tax in Sedgwick
county for the year 1874 which is or was defective, to which
this act applies, and which this act cures, but it cannot be the
levy of the tax now under consideration.

The judgment of the court below must therefore be reversed,
and cause remanded for further proceedings in accordance with
this opinion.

BREWER, J., concurring.

HORTON, C. J., not sitting in the case.