RICHARD M. BLAIN, *et al.*, v. SAMUEL H. IRBY.

1. TAX WARRANT; *Promissory Notes and Mortgages; Levy.* Promissory notes and mortgages are goods and chattels within the meaning of § 92 of the tax law, and may be levied upon and sold by a sheriff holding a tax warrant, provided the sheriff can get possession of them without committing any wrong.

2. SALE *Under Tax Warrant.* Where a sheriff holds a tax warrant, issued by a county treasurer, and levies upon the personal property of the person against whom it is issued, previous to the return day of the warrant, but does not sell the property until three days after the return day, *held,* that the sale is not void because made after the return day.

*Error from Butler District Court.*

ACTION brought by *Irby* against *Blain* and another, on a promissory note and a mortgage. Judgment for the plaintiff at the April Term, 1880, of the district court. The defendants bring the case here. The opinion states the facts.

*T. J. Hudson,* and *J. M. White,* for plaintiffs in error.

*R. H. Nichols,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a promissory note and mortgage. The action was brought by Samuel H. Irby, the payee thereof, against Richard M. Blain and Elizabeth Blain, the makers thereof. On the trial the defendants offered to prove "that the plaintiff, Samuel H. Irby, was assessed in the spring of 1876, in Longton township, Elk county, Kansas, and at that time had personal property listed in said township for taxation in said year; that said tax remained delinquent until the 11th day of January, 1877; that at that time the treasurer of Elk county, Kansas, issued a tax warrant against the said plaintiff and placed the same in the hands of the sheriff of said county of Elk for collection, and that said treasurer in said tax warrant commanded said sheriff to make the amount of such taxes of the goods and chattels of said Irby and return the same within sixty

days; that on the 3d day of March, 1877, said sheriff levied upon the promissory note described in plaintiff's petition, by virtue of said tax warrant, and advertised the same for sale on the 15th day of said month of March; that on the said 15th day of March said sheriff sold said note to said defendant, Richard M. Blain, for the sum of sixty dollars; that said note, with said mortgage, was then turned over to said Blain, who still has possession of the same; which offer of evidence and proof was objected to by plaintiff and was rejected by the court, and ruled out on the ground that said note and mortgage are not 'goods and chattels,' and the evidence therefore immaterial and incompetent, which ruling of the court the defendants at the time excepted to and except."

Whether this evidence was properly rejected, or not, is the only question now presented for our consideration.

Section 92 of the tax laws reads as follows:

"SEC. 92. All taxes on personal property that shall remain due and unpaid on the 1st day of January, or the 1st day of July, may be collected in the following manner: The county treasurer shall, between the 10th and 15th days of January and July, respectively, issue a warrant under his hand, directed to the sheriff of the county, commanding him to levy the amount of said unpaid taxes and the penalty thereon, together with his fees for collecting the same, of the goods and chattels of the person to whom such taxes were assessed, and to pay the same to the county treasurer, and return such warrant within sixty days from the date thereof." (Comp. Laws 1879, pp. 957, 958.)

It will be seen from the foregoing that the main question in this case involves two other questions:

1. Are promissory notes and mortgages goods and chattels, within the meaning of said section 92 of the tax law?

2. Was the sale of said note and mortgage valid, notwithstanding that the sale was made three days after the return day of the treasurer's warrant?

Whether notes and mortgages are "goods" or not, we shall not consider; for we think they are unquestionably "chat-

tels." Webster defines the word "chattel" to mean, "Every kind of property, except a freehold, or the things which are parcel of it; it is a more extensive term than goods or effects." Bouvier defines the word to mean, "Every species of property, movable or immovable, which is less than a freehold." Abbott defines the word substantially in the same manner, and also says, "Notes are chattels." (Abbott's Law Dictionary; title, *Chattel.*) Other dictionaries give substantially the same definition. Mr. Herman, in his work on Executions, says: "A promissory note is liable to seizure and sale under execution against a holder and payee. By such sale the purchaser takes the note upon the same terms upon which he would have taken it had it come into his hands in the ordinary course of business. If commercial paper be mortgaged, the mortgage may be foreclosed, and the security sold under the decree. Such securities may be seized and sold under execution on a judgment at law. In order to make a valid seizure of a negotiable promissory note after maturity, it must be taken into possession." Citing *Davis v. Mitchell,* 34 Cal. 81; *Allison v. King,* 21 Iowa, 302; *Miller v. Streeder,* 18 La. Ann. 56; *Rohrer v. Turrill,* 4 Minn. 407. (Herman on Executions, p. 156, § 123; p. 236, § 161.)

Promissory notes are different from almost all other kinds of choses in action. They may be transfered from one person to another by assignment, or by indorsement, or by mere delivery. They may be transferred about as easily, and almost in the same manner, as a horse or a cow; and, like a horse or a cow, they have a personal and independent *situs* of their own. (*Wilcox v. Ellis,* 14 Kas. 588; *Fisher v. Rush County,* 19 Kas. 414; *State Tax, &c.,* 15 Wall. 300.) They have such an independent *situs* that they may be taxed where they are situated. Of course ordinary choses in action cannot be levied upon by an officer in the ordinary manner, because an officer cannot seize them or take them into his possession. Generally, also, promissory notes cannot be levied upon by an officer, because he cannot seize them without taking them from the person of the holder, or without re-

Blain v. Irby.

sorting to some trick, which the law will not permit; but wherever the officer can obtain possession of the notes without the commission of anything wrong, or any trick, or any breach of the peace, we can see no reason why he should not levy upon them; the statute seems to authorize such a thing, and many decisions uphold it, and no good reason can be given why it should not be done. Of course, where the officer cannot obtain possession of the property, a resort may be had to attachment and garnishment, or to a court of equity. It cannot be supposed that any kind of property shall be exempt from process, or exempt from the payment of debts, except what the law specifically exempts; and promissory notes do not come within any specific exemption.

We think that the officer in this case had the right to levy upon and sell said note and mortgage; and if the sale was sufficiently regular, and not contaminated by any fraud or wrong, the purchaser obtained a good title by virtue of the sale.

This leads us to the other question involved in this case. It does not seem that the court below considered or held that the fact that the sale was made three days after the return day of the treasurer's warrant would invalidate the sale; nor does the defendant in error (plaintiff below) strenuously urge this point. He simply mentions it, and that is all he says in regard thereto. The authorities are nearly uniform that, where an execution has been levied upon personal property before the return day, the property may be sold after the return day without further process. (Herman on Executions, p. 327, § 212, and cases there cited; Freeman on Executions, § 106, and cases there cited; Gwynne on Sheriffs, p. 424, and cases there cited.) We think the sale was valid.

The judgment of the court below will be reversed, and cause remanded for a new trial.

All the Justices concurring.