SAMUEL H. IRBY v. RICHARD M. BLAIN, *et al.*

1. SALE OF NOTE AND MORTGAGE, FOR TAXES; *Purchase by Maker.*
Where a sheriff who holds a tax warrant against the owner of a note
and mortgage, levies upon such note and mortgage and sells the same
at public auction before due to the maker thereof for a less amount than
their face value, and no fraud is shown on the part of either the sheriff
or the purchaser, and all the proceedings had in the case are regular
and in accordance with law, *held,* that the sale is valid, although the
purchaser is the maker of the note and mortgage, and although he pur-
chased the same for a less amount than their face value.

2. ―――― And in such a case, evidence merely tending to make the
transaction look a little suspicious, but not enough to authorize any
finding of fraud as against either the sheriff or the purchaser, is not suf-
cient to render the sale invalid.

### *Error from Elk District Court.*

THE opinion states the facts. At the June Term, 1882,
the defendants recovered a judgment for costs against plain-
tiff *Irby,* who brings the case here.

*Chas. J. Peckham,* and *R. H. Nichols,* for plaintiff in
error.

*T. J. Hudson,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This case has once before been to this
court, (*Blain v. Irby,* 25 Kas. 499,) and at that time we think
we considered and decided everything of a substantial char-
acter involved in the case; but as the case is now presented
in a different aspect, we shall again consider and decide the
same.

October 23, 1875, Richard M. Blain and his wife Eliz-
abeth Blain executed to Samuel H. Irby a promissory note,
and a real-estate mortgage to secure the same, which note
and mortgage were for $300, due in four years from date.
All the parties at that time lived in Elk county, Kansas.
About May 5, 1876, the plaintiff Irby removed from Elk

county to Texas. Just before leaving, however, he left the note and mortgage with one J. M. White, an attorney at law at Howard, Elk county, Kansas. He left them with White for collection, and to secure a debt to White. White had no authority with reference to the note and mortgage except to collect the same, and out of the proceeds thereof to pay the debt due himself, and then to return the remainder of the proceeds to the plaintiff, Irby. Personal-property taxes were levied against Irby in Elk county, Kansas, for the year 1876, but he never paid the same nor made any provision for paying the same. In the early part of the year 1877, a tax warrant for the collection of said taxes was issued by the treasurer of said county, and placed in the hands of J. Q. Burchfield, the sheriff of the county, for service. The sheriff, being unable to find any other property belonging to Irby, levied upon the said note and mortgage, and took them into his possession. White delivered them to Burchfield, without any objection; Burchfield then advertised them for sale, and sold the same at public auction in the early part of the year 1877, for about $65, to the defendant, Richard M. Blain, Blain being the highest bidder therefor. There was no sufficient evidence introduced, or offered to be introduced, to show that either Burchfield or Blain ever committed any fraud or wrong in procuring the possession of said note and mortgage, or in levying the tax warrant thereon, or in selling or purchasing the same. There was some evidence, however, introduced, and offered to be introduced, tending to make the transaction look a little suspicious, but not enough to authorize any finding of fraud as against either Burchfield or Blain; and taking all the facts admitted by the pleadings, together with all the facts which the plaintiff's evidence (that which he offered, as well as that which he introduced) tended to prove, and they would not authorize a finding that either Burchfield or Blain committed any fraud or wrong as against the rights of Irby. It must be remembered that at the time of the sale of the note and mortgage, they were not due and would not be due for two or three years after that time; and therefore we think,

as the note and mortgage were sold at public auction, by a public officer, upon a regular tax warrant, after due notice, for the purpose of collecting taxes due against the owner of the note and mortgage, and as the note and mortgage were not yet due, that Blain, who was one of the makers of the note and mortgage, had authority to bid at the sale and to purchase the note and mortgage in the same manner and with the same consequences as any other person. Irby had no knowledge that the note and mortgage were levied upon or sold, until a long time after these things occurred; but we do not think that these facts can in any manner affect the validity of the sale. Irby was still in Texas when the sale occurred.

After all the plaintiff's evidence was introduced showing the foregoing facts, the court below sustained defendants' demurrer to the plaintiff's evidence, and rendered judgment in favor of the defendants and against the plaintiff for costs; and this is the judgment which the plaintiff in error now seeks to have reversed. The plaintiff claims that the judgment should have been in his favor and against the defendants for the amount of the note and mortgage, and for a sale of the mortgaged property.

We think the judgment of the court below was right, and it will therefore be affirmed.

All the Justices concurring.