THE KANSAS CITY, TOPEKA & WESTERN RAILROAD COMPANY v. WILLIAM ALBRIGHT, as *Treasurer of Wyandotte County, et al.*

1. STATUTES— *Construction.* Sections 4 and 35, chapter 79, Compiled Laws of 1879, are to be construed as having operation without conflicting with each other.

2. POOR-TAX— *Levy Without Election.* Under § 35, ch. 79, Comp. Laws of 1879, the boards of county commissioners in the several counties of this state have authority to levy and assess a tax for the support of the poor of their respective counties, in an amount in excess of five hundred dollars, without a previous vote of the people at a general election authorizing the levy.

3. POWER OF COUNTY BOARD; *Limitation.* The limitation against the unlimited power of the board of county commissioners in the several counties of this state, in levying and assessing a tax for the support of the poor of their respective counties, is found in § 181, ch. 25, Gen. Stat. of 1868, § 220, ch. 25, Comp. Laws of 1879.

*Error from Wyandotte District Court.*

THIS cause comes up on the ruling of the district court in sustaining the motion of defendants in error, defendants below, to dissolve the injunction as to the second count stated in plaintiff's petition. The second count of plaintiff's petition alleges substantially that the plaintiff is and was the owner of certain railroad property in the county of Wyandotte, of the value of $161,730; that at the time required by

law, in the year 1883, there was levied upon said property a tax known as the poor-tax, of one mill on the dollar of the taxable property of said plaintiff, and that said county was authorized to levy the amount of five hundred dollars only for the support of the poor in said county; that the tax of one mill on the dollar upon the taxable property of the said county would raise an amount largely in excess of said five hundred dollars; that a tax of one-eighth of a mill on the dollar was sufficient to raise the said sum of five hundred dollars; that plaintiff has paid one-eighth of a mill on the dollar of its taxable property, but refuses to pay the remainder, of seven-eighths of a mill on the dollar, amounting upon the taxable property of the plaintiff in said county to the sum of $141.51; that the excessive levy of seven-eighths of a mill on the dollar was never authorized by any vote of the people at any general election, at a poll opened for that purpose, in favor of such assessment; that said treasurer has issued his warrant directed to the sheriff, commanding him to levy the amount of unpaid taxes upon the plaintiff's personal property which remained due on the first of January, 1884; and that the sheriff threatens to levy the amount of such unpaid taxes, penalty and costs, upon the goods and chattels of plaintiff, and sell the same, unless restrained from so doing; that plaintiff is remediless at law, etc.

Defendants filed a motion to dissolve and vacate the order of injunction theretofore granted. April 7, 1884, the court sustained the motion as to the second count in the petition of the plaintiff, and as to said count dissolved the injunction. These rulings plaintiff brings here for review.

*A. A. Hurd, W. C. Campbell,* and *Robert Dunlap,* for plaintiff in error.

*H. L. Alden,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: At the time prescribed by law for the levying of taxes for 1883, the board of county commissioners of

Wyandotte county levied and assessed a tax of one mill on the dollar upon the taxable property of said county, from which the county revenue is directed to be raised, for the support of the poor of said county. The tax of one-eighth of a mill on the dollar, upon the taxable property of said county, was sufficient to raise the sum of five hundred dollars; therefore the tax of one mill on the dollar would raise an amount largely in excess of that sum. The plaintiff paid the one-eighth of a mill on the dollar of its taxable property, but refused to pay the remainder—seven-eighths of a mill on the dollar—amounting, upon its taxable property in question, to $141.51.

It is claimed by the plaintiff that as the alleged excessive levy of seven-eighths of a mill on the dollar was never authorized by any vote of the people at any general election, that such excessive levy was illegal, and its collection should have been enjoined. The question therefore is, whether the commissioners of a county have authority to levy a tax to raise an amount in excess of five hundred dollars, for the support of the poor, without a previous vote of the people, at a general election, authorizing a greater levy. The sections of the statute to which we are referred, are as follows:

"Sec. 4. Every county shall relieve and support all poor and indigent persons lawfully settled therein, whenever they shall stand in need thereof; and the board of county commissioners may raise money for the support and employment of the poor, in the same way and manner as in the 29th section of this act is provided."

"Sec. 29. To raise the sum necessary for the purchase of land, and the erection and furnishing of the buildings for such asylums, the board of county commissioners in the several counties shall have power to assess a tax upon property liable to taxation for raising a county revenue, not exceeding five hundred dollars, unless the amount of taxes to be assessed shall be submitted to a vote of the people at some general election, and a majority of all the votes cast at a poll opened for that purpose shall be in favor of such assessment."

"Sec. 35. The board of county commissioners in the several counties in this state may, if they deem it expedient, annually,

at their session at which the county tax is ordered to be levied and assessed, levy and assess a tax for the support of the poor of their respective counties, on objects from which the county revenue is or may be directed to be raised. The tax hereby authorized to be laid shall be collected by the same officers whose duty it may be to collect the state and county revenue, who shall pay the same into the county treasury."

On the part of the plaintiff it is contended —

"That § 4 gives the county board the authority to raise money for the support and employment of the poor, and prescribes that the way and manner in which it shall be done is set out in § 29, and that said § 29, as referred to in § 4, carries with it the limitation upon the power of the county commissioners to levy a tax for that purpose; that § 35 makes it discretionary with the board what tax they shall levy, *if they do* not transcend the previous limitation put upon them; that it is not obligatory upon the board to levy a tax sufficient to raise five hundred dollars; or, even, if authorized by a previous vote to raise a larger sum, is it obligatory upon them, by said section, to levy a tax to raise such larger sum."

On the part of the defendants it is claimed —

"That § 4 is not antagonistic or contradictory to § 35; that both sections have operation to act without conflicting with each other; that the provision in said § 4 authorizing 'the board of county commissioners to raise money for the support and employment of the poor in the same way and manner as in the 29th section of this act is provided,' gives the board power to adopt some plan or scheme to support by employment the poor, and to levy taxes therefor, but the sum to be levied for such purpose is limited to $500, unless a greater sum is authorized by a vote of the people at a general election."

We are inclined to the opinion that the latter view is the correct one to be adopted in the construction of these sections of the statute. As a rule, courts construe sections of the same statute so as to give every portion of the statute some force and effect. (Potter's Dwarris on Statutes and Constitutions, pp. 144, 145; *Points v. Jacobia*, 12 Kas. 54; *Bridge Co. v. Railroad Co.*, 12 id. 413.) Thus construing the sections of the statute, §§ 4 and 35 harmonize with each other. In some

counties of the state, poor-farms and county asylums are in operation. To give employment to the poor in such counties, it is often necessary for the board to purchase farming implements, horses, and other personal property. Likewise, for the same purpose, it might desire to purchase machinery, etc. Under § 4, it would have authority so to do, if the purchase of such articles did not exceed $500. If exceeding $500, a previous vote of the people at a general election authorizing a greater levy would be necessary. Section 35 has no concern regarding the employment of the poor, and simply provides for the raising of money for the support of the poor, whenever the board of county commissioners finds it expedient so to do.

Counsel for plaintiff contend that this construction destroys the limitation to a dangerous delegated power. Not so. The limitation against the excess of arbitrary and unlimited power, by the county commissioners in levying taxes for the support of the poor of their respective counties, is found in § 220, ch. 25, Comp. Laws of 1879. (*Railroad Co. v. Wilhelm*, just decided; *Railroad Co. v. Woodcock*, 18 Kas. 20; *Comm'rs of Osborne Co. v. Blake*, 25 id. 358; *Bartlett v. Railroad Co.*, 32 id. 134.)

The judgment of the district court will be affirmed.

All the Justices concurring.