EULA MORGAN, *as Administratrix of the Estate of W. F. Morgan, deceased,* v. THE SALINE VALLEY BANK.

NO. 91.

1. ACTION FOR MONEY — *Evidence.* In an action for the recovery of money, the plaintiff, in order to recover, must prove by satisfactory and competent evidence what, if any, sum is due him from the defendant.

2. APPEAL *from Probate Court — Trial de Novo.* Upon an appeal from the probate to the district court, the latter proceeds to try the case anew, and, where the indebtedness is not admitted, it devolves upon the claimant, before he is entitled to judgment, to establish his claim by competent testimony as originally required in the probate court.

3. ATTACHMENT — *Disposition of Property.* The provisions of the code for the disposition of attached property are made applicable to proceedings in attachment before justices of the peace by the terms of paragraph 5041, General Statutes of 1889.

MEMORANDUM.— Error from Lincoln district court; W. G. EASTLAND, judge. Action by The Saline Valley Bank against Eula Morgan, as administratrix of the estate of W. F. Morgan, deceased, on appeal from the

probate court, to recover balance due on a judgment.
Judgment for plaintiff.   Defendant brings the case to
this court.   Reversed.   The opinion herein, filed September 12, 1896, states the material facts.

*David Ritchie*, and *Geo. Dable*, for plaintiff in error.
*C. B. Daughters*, for defendant in error.

The opinion of the court was delivered by

GILKESON, P. J. :  This action was originally brought
in the probate court of Lincoln county by the Saline
Valley Bank against the estate of W. F. Morgan, deceased, to establish as a claim against said estate the
balance due upon a certain judgment claimed to have
been rendered by one James H. Smith, a justice of the
peace of said county, against said W. F. Morgan during his lifetime, and in favor of said bank, for the sum
of $184.35, and interest at 10 per cent.   It is alleged,
in the original action before the justice of the peace,
that a promissory note of the face value of $200 was
garnished in the hands of one David Ritchie, and by
him turned over to the court, which was on the 28th
day of March, 1890, sold by order of the court for the
sum of $25 at constable's sale.   The probate court
found that the judgment and demand of the Saline
Valley Bank had been fully paid, and rendered
judgment against said bank for costs.   From this
judgment the bank appealed to the district court of
Lincoln county, and, upon trial had therein to the
court, a jury being waived, judgment was rendered
against the estate and in favor of said bank.   A motion for a new trial was filed and overruled, and the
administratrix brings the case here for review.

There are several errors assigned, but we shall consider only two.   It is first complained " that the court

erred in rendering judgment in said cause without requiring the plaintiff to prove its said claim — said decision and judgment having been rendered by said court without any proof of said demand having been offered by said plaintiff." The record shows that on April 1·notice was served on the administratrix that a claim would be presented against the estate in the probate court of Lincoln county, on the 15th· day of April, at the hour of 10 o'clock; that the claim was founded upon a judgment had in the lifetime of the said W. F. Morgan, deceased, before a justice of the peace in and for Elkhorn township, in and for said county, stating the amount of the demand, and attached thereto a copy of the proceedings had before the justice of the peace, and the following affidavit:

" State of Kansas, Lincoln county, ss.

" Before me, the subscriber, a probate judge in and for said county, personally came A. Marshall, and being by me first duly sworn, upon his oath says, that the account thereto annexed is just and true and correct, and that to the best of his knowledge and belief he has given credit to the estate for all payments and offsets to which it is entitled, and that the balance claimed ($189) is justly due.         A. MARSHALL.

" Sworn to and subscribed before me this 3d day of April, 1891.         H. M. GILIPIN, *Probate Judge*."

After several continuances this cause was heard by the probate court, which rendered the following decision:

"Tuesday, April 28, 1891, 10 o'clock A. M.—After hearing the evidence, argument of counsel, and being fully advised in the premises, the court finds that the said judgment-demand of the Saline Valley Bank against said estate has been fully paid, and the costs of this hearing, amounting to $6.85, taxed to plaintiff."

The testimony offered in the probate court has not been preserved in the record. The bank gave notice by its attorney in open court of an appeal, and filed the affidavit required by statute, gave bond, and took its appeal to the district court of Lincoln county, by filing a transcript of the proceedings had in the probate court with the clerk of the district court. In the district court the administratrix filed an answer, consisting of two defenses: (1) Admitting the pendency of a certain action on the 10th day of February, 1890, before James H. Smith, a justice of the peace in and for Elkhorn township, Lincoln county, Kansas, in which the Saline Valley Bank was plaintiff and W. F. Morgan was defendant, and that a summons of garnishment was duly issued and served on David Ritchie, and that he answered, admitting that he had in his possession a certain promissory note belonging to said W. F. Morgan, and that by order of the court he turned the same over to the court; that afterward an order of sale was issued by said court to E. E. Abbott, the constable thereof, and that said Abbott, by virtue of the said order of sale, pretended to sell the said note at public auction, and that the plaintiff, the Saline Valley Bank, pretended to purchase said note at said sale for the sum of $25; that said pretended sale was absolutely void; that afterward there was paid to the plaintiff, the Saline Valley Bank, the sum of $208.70 upon said note, which was asked to be offset against this claim and demand. (2) Alleging that no notice of sale was posted for 10 days previous and prior to the time of said pretended sale as required by law, and prayer for judgment that the sale be declared void and the sum of money so as aforesaid paid be offset against the demand. The plaintiff filed a demurrer to the first cause of action set forth in the defendant's answer, for the

reason that it did not state facts sufficient to constitute a defense. This was sustained by the court. Plaintiff replied to the second cause of defense by a general denial.

The only testimony offered at the trial in the district court shown by the record is that of E. E. Abbott, the constable, in reference to the time when he received the order of sale, when he posted his notices and made the sale. Paragraph 2868, General Statutes of 1889, provides:

·"Any person may exhibit his demand against such estate by serving upon the executor or administrator a notice in writing, stating the nature and amount of his claim, with a copy of the instrument of writing or account upon which the claim is founded, and such claim shall be considered legally exhibited from the time of serving such notice."

Paragraph 2870 *id.* provides:

"Any person having a demand against any estate may establish the same by the judgment or decree of some court of record, in the ordinary course of proceeding, and exhibit a copy of such judgment or decree to the probate court, but the estate shall not be liable for costs in any such proceeding commenced within one year from the date of the letters of administration."

Paragraph 2872 *id.* provides:

"No probate court shall allow any demand against any estate unless the claimant shall first make oath in open court, or file an affidavit with such claim, stating to the best of his knowledge and belief, he has given credit to the estate for all payments and offsets to which it is entitled, and that the balance claimed is justly due. The affidavit in this action shall not be received as evidence of the demand, but the same shall be established by competent testimony before it is allowed or adjusted."

Paragraph 2980 *id.* provides:

"Upon the filing of such transcript and papers in the office of the clerk of the district court, the court shall be possessed of the cause, and shall proceed to hear, try and determine the same anew without regarding any error, defect, or other imperfection in the proceedings of the probate court."

We think, under the section last cited, that the jurisdiction of the district court is strictly appellate, the same as it would be in the case of an appeal from a justice's court, and that it would have no larger jurisdiction than had the probate court in the first instance. This being true, it was incumbent upon the bank to establish its claim by competent testimony the same as is required to be done in the probate court under paragraph 2872, *supra.* This claim, being founded upon a judgment rendered before a justice of the peace, did not establish itself under paragraph 2870, it not being a judgment of a court of record. The statute expressly provides, "that after the transcript is filed, the district court shall try the case anew." And certainly to try it anew, and find that a certain amount was due, would require proof of the amount, and in this respect there is a total failure to show any amount due upon the judgment of the justice of the peace.

Another point contended for by the plaintiff in error is that the court erred in sustaining the demurrer to the second ground of defense in the answer. The garnishment process simply gives to the creditor the same right to enforce the payment of the money from the garnishee that the debtor previously had. It is in effect only an assignment of the claim from the debtor to the creditor. The creditor gains no more or greater rights than the debtor had, and the gar-

nishee loses no rights, and the payment of the money can be enforced from the garnishee to the creditor only by ordinary action. (*Board of Education v. Scoville*, 13 Kan. 32; *Phelps v. A. T. & S. F. Rld. Co.*, 28 id. 169; *Mull v. Jones*, 33 id. 115.) The attaching creditor does not acquire a more summary remedy for the collection of his debt by the garnishment order than the defendant had. (*Rice v. Whitney*, 12 Ohio St. 358; *Secor v. Witter*, 39 id. 232; *Railroad Co. v. Hopkins*, 94 U. S. 11.) It is a mistake to say that the liability of the garnishee is fixed by the order of the justice of the peace. Its office is to give the plaintiff the right of action where the answer discloses an indebtedness to the defendant. That liability is not fixed until a judgment is rendered against him in such action. The garnishment binds him for any debt that on such final adjudication may be found due from him to defendant at the time of the service of the order of attachment and notice (garnishment summons) upon him, and not from the date of the order of the justice of the peace. In cases of all debts not yet due no action can be commenced until the maturity. If the instrument is not due and negotiable, it is liable to become the property of a *bona fide* holder before maturity. (*Secor v. Witter*, 39 Ohio St. 232.)

A mere paper evidencing debt, such as a promissory note, in the hands of a third person for the purpose of enabling him to collect money due the owner of such paper, is not susceptible of being proceeded against as the *res* in an attachment suit; for, though it belongs to the attachment defendant, it is not the debt of which it gives evidence, nor is it property beyond the value of the mere fabric. The third person having the note in his hands for collection is not the debtor of the defendant. The fact that he will be the

possessor of money when he shall have collected the note does not alter the case, for to be liable to garnishment he must owe money or hold property liable at the time of the service upon him. This is the rule in New York, New Hampshire, Maine, Massachusetts, Connecticut, Vermont, Alabama, Texas, Pennsylvania, Illinois, and Mississippi, and the principle is so held in every state except where such evidences are made attachable by statute. It is nowhere held that the mere evidence of debt is the debt itself, any more than that a title deed is the land itself. Where evidences of debt are made attachable by statute they are usually attached as representing the debt or facilitating the collection of it. When the notes are impounded they are merely held to prevent their circulation, transfer by mere delivery, *etc.*, in order to conserve the debt due the defendant, that it may remain available to the plaintiff upon his obtaining judgment. The attachment defendant owns the paper. A third person may possess it, but the obligor of the note is the defendant debtor and the person who ought to be garnished — not the attorney who holds the written paper for the purpose of collecting the amount acknowledged by the note to be due the defendant. Notes, due-bills, books of account and all other evidences of debt that have been taken by the sheriff or *other officer* as the property of the defendant in attachment are not choses in possession, nor property, within the meaning of paragraph 4893, General Statutes of 1889, nor within the meaning of the law of attachment. The statutes are not to be construed as extending the meaning unless such an interpretation is obviously the right one by the terms of the statute. Paragraphs 4306 to 4311 provide for the disposition of attached property, and we think are

certainly applicable to justices' courts, under paragraph 5041. They specially mention the property so to be disposed of, either by receiver or by the sheriff or other officer attaching the property. We think these provisions of the code extend to and are applicable to justices' courts. (*Points v. Jacobia*, 12 Kan. 54; *Stevens v. Able*, 15 id. 584; *Clark v. Wise*, 34 id. 553; *Israel v. Nichols*, 37 id. 68.)

The levy upon the written evidence of a credit due the defendant, in the form of a note of hand found in the possession of the defendant, or of some bank or other agent of his, instead of garnishing the creditor, who owes him the debt evidenced by the note, is not different in principle from the attachment of books of account instead of garnishing those who owe what the accounts show to be due the defendant. In the latter case it is held, " that levy on the account-books is not a levy on the debts charged therein due by others to the defendant." (Waples, Att., 167–170; *Lesher v. Getman*, 30 Minn. 321; *Ide v. Harwood*, 30 id. 191.)

If one creditor should attach the promissory note found in the possession of the debtor and another should attach the debt itself in the hands of the party owing the debt, by the process of garnishment, it would plainly appear that the first would have seized only the evidence of the indebtedness, while the second would have attached the debt, which would have created a lien. Which would have something susceptible of being proceeded against as the *res* in the ancillary proceeding? Certainly the creditor who had garnished the obligor would be the only attachee of the *credit due* to the defendant. (*Prout v. Grout*, 72 Ill. 456.) The other, having merely the evidence of the fact that the maker of the note owes the defendant, would have nothing attached which could be pro-

ceeded against. In a conflict between the rival creditors, there can be no doubt that the one who should garnish the maker of the note and attach the defendant's credit in the garnishee's hands would be preferred, unless the second attachment was made after the official attaching the note had given notice as required by section 209 of the code (Gen. Stat. 1889, ¶ 4308), which provides that the receiver shall give notice of his appointment to the persons indebted to the defendant, and that from the date of such notice the debtors shall stand liable to the plaintiff in attachment for the amount of money or credits in their hands or due from them to the defendant in attachment, and shall account therefor to the receiver. Section 211 (Gen. Stat. 1889, ¶ 4310) provides that where a receiver is not appointed the sheriff or other officer attaching the property shall have the same powers and perform all the duties of a receiver.

We do not hold that a note cannot be sold, but hold that if it is sold it must be under the provision of the code for the disposal of attached property, and an attempt must be first made to collect it; then, if not collectible, or if it has a long time to run, or from other circumstances that might arise which in the judgment of the court would make it for the best interests of all concerned to have it sold, it may be disposed of. The views herein expressed are not in conflict with the decisions of our supreme court in *Blain v. Irby*, 25 Kan. 499; *Irby v. Blain*, 31 id. 716; *Beamer v. Winter*, 41 id. 596, to which our attention has been called. In the first-cited case the court decided that under the tax law a note was a chattel, and that under a tax-warrant the sheriff had the right to sell the same, but under the law governing the collection of taxes there is no special provision as to the

disposition of property taken under the warrant, and, besides, the note might be the identical property or a portion thereof that was originally taxed, liable for the payment of the tax assessed.   When that case came again before the court, it merely decided that the sale so made was valid, notwithstanding the maker of the note purchased it, and that mere suspicion of fraud would not be enough to set aside the sale.

In *Beamer v. Winter*, 41 Kan. 596, the court held that, when a note taken in garnishment was sold, it must be sold in the same township where seized.   But we have been unable, after a careful search, to find where the supreme court has ever decided that a note taken' by garnishment process before due could be sold as other personal property.   On the contrary, the weight of authority is against it.   But, aside from all this, we think that it is the duty of a court to protect all parties to the action, and not allow the property of the defendant to be eaten up in costs, which, in this case, are shown to be unnecessary.   No attempt was made to collect this note or to ascertain if it was collectible, but it was at once sold and purchased by the plaintiff in this action for the small price of $25, the note being for $200, with interest at 7 per cent., while the debt sued upon was less than the face of the note, being only for $189.   The plaintiff did not deny, but on the contrary admitted, by its demurrer, that it received $207.70 on this note in a very short time after it purchased it, on the very day it became due, and now it asks this court to say that, in addition to what it has already collected — which is more than the amount of the original indebtedness — it may recover from the debtor's estate $207 ; in other words, to allow t his plaintiff to recover $414 upon a judgment which

at the utmost could only be $184.35, with interest at 10 per cent. from February 10, 1890, to September 3, 1893, amounting in the aggregate to $213.53 and costs. We cannot consent to this proposition. As we have said, the garnishment process vests no absolute property in the thing garnished. It merely gives the creditor the right to collect the indebtedness the same as the defendant had, and, when so collected, to apply the proceeds to the liquidation of his debt, and, we think, the defendant had a right and should have been allowed to show that this debt had been paid — that the plaintiff had recovered all it was entitled to receive.

The judgment in this case will be reversed and a new trial ordered.

All the Judges concurring.