## Marshall v. Uptegraff et al.

*Shettig & Nelson, Frank K. Willmann* and *Owen S. Cecil*, for plaintiff.
*F. J. Hartmann* and *Smith, Buchanan, Scott & Gordon*, for defendants.

McKENRICK, J., February 16, 1931.—Katherine H. Marshall, a resident of Cambria County, filed a bill in equity against Annie G. Uptegraff, individually and as executrix of the last will and testament of Walter D. Uptegraff, deceased, Westinghouse Air Brake Company and four other corporations. Annie G. Uptegraff is a resident of New York State and Westinghouse Air Brake Company is a Pennsylvania corporation having its principal offices in Pittsburgh, Allegheny County, Pennsylvania. The other four defendants are New York corporations. The bill alleges, *inter alia*, that twelve shares of the capital stock of the Westinghouse Air Brake Company were issued and stand in the name of "W. D. Uptegraff, trustee for Katherine H. Marshall;" that W. D. Uptegraff is now deceased and his wife, Annie G. Uptegraff, is executrix and sole devisee and legatee under the will; that plaintiff has possession of the stock certificates for the said twelve shares of Westinghouse Air Brake Company stock and that they are within the jurisdiction of this court; that plaintiff has made demands on the executrix of W. D. Uptegraff, deceased, and upon Westinghouse Air Brake Company for the transfer of said stock, but Westinghouse Air Brake Company refuses to make such transfer until the matter of said trust has been determined by a court of competent jurisdiction.

Plaintiff further alleges that the twelve shares of stock were purchased with her money and that the stock was issued and held in the name of W. D. Uptegraff for the sole purpose of the personal supervision of W. D. Uptegraff and payment to the plaintiff of the income and proceeds thereof; that by the

death of W. D. Uptegraff the purposes of the trust have determined, and the twelve shares of said stock are now plaintiff's absolute property and no other person has an interest therein.

Plaintiff prays that the twelve shares of Westinghouse Air Brake Company stock be adjudged and decreed her absolute property and that the defendant, Westinghouse Air Brake Company, be directed and required to issue to her certificates evidencing her ownership of said shares. There is a further prayer that Annie G. Uptegraff individually and as executrix be restrained from making any disposition of the stock pending final determination thereof, and that she be required to transfer the same to the plaintiff.

When the bill was filed the court directed service to be made on the Westinghouse Air Brake Company and the other nonresident defendants in accordance with the provisions of the Act of April 6, 1859, P. L. 387. Service was accordingly made on the Westinghouse Air Brake Company and the other defendants, all being served out of the jurisdiction of this court. No appearance was filed on behalf of Annie G. Uptegraff individually or as executrix.

Service being made on Westinghouse Air Brake Company, one of the defendants, it appeared *de bene esse* and later, pursuant to Equity Rule 29, and under the Act of March 5, 1925, P. L. 23, its petition was presented and a rule issued on Katharine H. Marshall, plaintiff, to show cause why service of the bill of complaint upon Westinghouse Air Brake Company should not be set aside on jurisdictional grounds. The case was argued and is now before us for consideration.

Section one of the Act of April 6, 1859, P. L. 387, provides that "any court of this commonwealth having equity jurisdiction, . . . in any suit in equity . . . concerning goods, chattels, lands, tenements or hereditaments, . . . situate or being within the jurisdiction of such court, . . . or where the court have acquired jurisdiction of the subject matter in controversy, by the service of its process on one or more of the principal defendants, to order . . . process . . . be served upon any defendant or defendants therein, then residing or being out of the jurisdiction of such court, wherever he, she or they may reside or be found; and upon affidavit of such service had, to proceed as fully and effectually as if the same had been made within the jurisdiction of such court." Under the act above cited, there are two classes of cases in which service may be had on persons outside the jurisdiction of the court: First, where the goods, chattels, lands, tenements or hereditaments are within the jurisdiction; second, where the court has acquired jurisdiction of the subject matter in controversy by the service of process upon one or more of the principal defendants.

The plaintiff does not contend that Westinghouse Air Brake Company is a principal defendant, nor that any principal defendant has been served with process within the jurisdiction. A principal defendant, under the Act of 1859, authorizing service of process on persons beyond the jurisdiction of the court, is a person who is affected by the decree of the court and necessarily involved in the subject in controversy: Huntzinger and Cake v. The Greenland Co. et al., 11 Phila. 609. The plaintiff does contend, however, that the stock certificates issued by Westinghouse Air Brake Company in the name of "W. D. Uptegraff, trustee for Katharine H. Marshall," are within the jurisdiction and that the same are chattels within the contemplation of the Act of 1859, and that, therefore, this court had jurisdiction to order the service of process upon the nonresident defendants. On the other hand, Westinghouse Air Brake Company contends that the stock certificates in controversy are not "goods, chattels, lands, tenements or hereditaments"

under the Act of 1859, and that this court had no jurisdiction to order service of process upon a nonresident defendant.

Westinghouse Air Brake Company not being a principal defendant, and no principal defendants having been served within the jurisdiction, our next inquiry is whether the twelve shares of stock in question are goods or chattels within the contemplation of the Act of 1859, so as to authorize service beyond the jurisdiction. Stocks and bonds of a railroad company are personal property and accompany the person of the owner: Huntzinger and Cake v. The Greenland Co., *supra.* In the case of McKeen v. Northampton County, 49 Pa. 519, 525, Agnew, J., said: "The interest which an owner of shares has in the stock of a corporation is personal. Whithersoever he goes it accompanies him, and when he dies his domicil governs its succession. It goes to his executor or administrator, and not to the heirs, and is carried into the inventory of his personal effects." Shares of stock in a corporation are choses in action, giving a right to dividends and an interest in the capital. The certificate is evidence of such ownership: People's Bank v. Kurtz, 99 Pa. 344. "Goods and chattels" embraces all kinds of property other than realty, including bonds, mortgages and other choses in action: Terhune v. Bray's Executor, 16 N. J. L. 53. Whether notes and mortgages are goods within the tax law authorizing the sale of goods for taxes or not, they are unquestionably chattels: Blain v. Irby, 25 Kan. 499. Since the word "chattels" includes not only personal property in possession but choses in action, the term "goods and chattels" has a very wide signification and includes choses in action. The term "choses in action" includes rights of action for tort: Sharp v. Cincinnati, N. O. & T. P. Ry. Co., 133 Tenn. 1, 179 S. W. 375. The term "goods and chattels" will cover more than any possible or practicable enumeration: Gibbs v. Usher, 10 Fed. Cas. 303.

In the case of Dowdel v. Hamm, 2 Watts, 61, there is the following historical reference to the meaning of the term "chattels:" "Blackstone, in his Commentaries, book 2, p. 383, appears to consider that the term chattels comprehends all personal property, except what is denominated real estate. It is expressly so in the Norman Code, where it is put in opposition to a heritage or fief, which, according to us, is a real estate. The consequence of which, as deduced by the learned commentator, is, that in both laws a chattel is whatever comes under the appellation of personal estate." It is held in that case that the term "goods and chattels" includes all choses, as well those in action as those in possession. When the Act of 1859 was passed, the legislature intended to authorize service beyond the jurisdiction of the court which issues the process under certain conditions. It would have been impracticable to designate every species of property that might possibly be the subject of equity jurisdiction. It proceeded, therefore, to set it forth in terms more comprehensive than any enumeration could be, "goods, chattels, lands, tenements or hereditaments . . . perpetuating of testimony concerning any lands, tenements, and so forth . . . or concerning any charge, lien, judgment, mortgage, or incumbrance thereon." It would seem that the legislature here intended to include every species of property, real and personal, including those in action as well as in possession.

The case of Coleman's Appeal, 75 Pa. 441, has been cited to us as authority for defendants' contention that this court has no jurisdiction. In this case, the averments of the bill related to property both within and without the jurisdiction. It prayed (1) that a certain company, defendant, transfer to plaintiff ninety-eight shares of its stock (being property within the jurisdiction); (2) that the principal defendant account and pay to plaintiff a

designated sum of money; (3) that two other persons be made defendants; (4) for general relief. The court said, at page 458: "Had the bill in this case been confined to the prayer for relief as to the ninety-eight shares of the capital stock of the Williamsport and Canada Lumber Company, standing upon their books in the name of the defendant Walton Dwight, there would be plausible ground upon which to sustain the service of the process upon him." It is further stated in this case: "It may be that shares of stock in an incorporated company within the jurisdiction are within the comprehensive terms 'goods and chattels.'"

In the case of Vandersloot v. Pennsylvania Water and Power Co., 259 Pa. 99, also relied upon by the present defendant, the mill and works of the Pennsylvania Water and Power Company were in Lancaster County, where it maintained an office, but its headquarters were in New York State. Prayers for relief were not confined to property alleged to be within the jurisdiction of the court, but on the contrary comprehended relief affecting the entire dam of the defendant extending into the river beyond the limit of York County, and also relief, which, if granted, would require a decree against the defendant personally. The Supreme Court said: "On this state of facts, under the authority just cited [Coleman's Appeal, *supra*], the present is not a case for service in accordance with the Act of 1859, *supra*."

"There is nothing in Rule 10, or any of the acts of assembly relied upon by plaintiff, which confers the right upon a court in equity to bring a corporation, which otherwise would be without its jurisdiction, within the grasp of its process, so as to subject such defendant to a decree in personam or one affecting its property located in another county." (Page 104). Neither does the Act of 1859.

Both Coleman's Appeal and Vandersloot v. Pennsylvania Water and Power Company are authority for the proposition that chattels or lands must be wholly within the jurisdiction, and that the prayer for relief must be confined entirely to property within the jurisdiction.

The Act of 1859 should be construed strictly and in harmony with the policy and jurisprudence of Pennsylvania not to bring nonresidents within the jurisdiction of its courts except in special cases: Vandersloot v. Pennsylvania Water and Power Co., *supra*.

We are in entire accord with the doctrine just stated. However, we must remember that the statute in question was intended to provide for service upon nonresident defendants in the two cases mentioned therein. Therefore, if the subject matter of the controversy is entirely within the jurisdiction, and the decree affects only the property in question, the act will apply so far as the interest of Westinghouse Air Brake Company is concerned.

The prayer for relief against the defendant, Westinghouse Air Brake Company, is that it "be directed and required to issue to your orator certificates evidencing her ownership of said shares." The transfer on the books of Westinghouse Air Brake Company of the stock is a mere ministerial act. In the case of Schmitt, Receiver, v. Kulamer, 267 Pa. 1, 7, it is said: "Under the law in this State it is clearly the duty of the corporation, when required to do so, to make due and legal transfer of stock sold and assigned where no call remains unpaid, and, in the absence of some legal reason for not so doing, they cannot escape the performance of this act."

In the case of Vandersloot v. Pennsylvania Water and Power Co., *supra*, the prayer for relief comprehended relief which, if granted, would have required a decree against the defendant personally, the proceeding being in the nature of a mandatory injunction to abate a nuisance. We do not believe

**414**

that the mere transfer of stock on the books of a corporation is such an act of duty as would involve a decree *in personam*. The Westinghouse Air Brake Company has no interest in the shares of stock in controversy, nor in their transfer. Whether or not there is a trust, its nature and extent, and the determination thereof by the court, are matters between the plaintiff and Annie G. Uptegraff. The relief prayed for affects only the property involved, so far as this defendant is concerned.

A court of equity has jurisdiction to inquire into the matters alleged in the bill, and if this court, after hearing and due consideration, determines that the twelve shares of stock involved are the property of the plaintiff, it would be the duty of the corporation to make the requisite transfer upon its books and to deliver to the plaintiff certificates evidencing her ownership. The decree of this court would be sufficient warrant for its so doing.

We are of opinion, therefore, that the twelve shares of stock, the subject matter of the controversy, so far as the Westinghouse Air Brake Company is concerned, are chattels within the meaning of the Act of 1859, that they are within the jurisdiction of this court, and that service upon Westinghouse Air Brake Company is valid.

### Decree.

And now, February 16, 1931, after argument and due consideration, the rule to show cause why the service of the bill of complaint should not be set aside and be declared void and of no effect, heretofore issued, is discharged, at the cost of the defendant.

From Henry W. Storey, Jr., Johnstown, Pa.