Rose and others *v.* Madden.

---

SAMUEL C. ROSE *et. al. vs.* SOLOMON MADDEN.

The decision in *Kupfer vs. Sponhorst et al.*, that in determining which persons, bound by a joint and several obligation, are principals and which sureties, under section four hundred and sixty-one of the civil code, no pleadings are necessary, that the court, upon a proper showing, should direct the clerk to enter judgment, certifying which of the defendants are principals and which sureties, and that this showing may be made to appear by parol or other testimony, confirmed and applied to this case.

In an action upon a note as follows: "271.25. On the first day of July next, we promise to pay W. W. Bobb two hundred and seventy-one dollars and twenty-five cents, value received. November 29, 1860. (Signed,) SAMUEL C. ROSE, WILLIAM SOMERS, H. H. WILCOX, security;" *held* that the addition, by Wilcox, of the word "security," to his name, forms no part of the contract between the obligors themselves, nor between them and the obligee; *held* that parol proof was admissible to show that Wilcox was not in fact security; *held* that, the record being silent, the supreme court will presume that the court below acted upon sufficient proof, and that judgment therein against Wilcox as principal, and the other signers as sureties, was properly entered.

*Elmore & Martin,* for plaintiff in error.

The petition in the case is in the ordinary form. The copy of the note, on which the suit is founded, shows the H. H. Wilcox signed the note as security. (*See Record, page 3.*) Wilcox in his answer sets up this fact as a defense, so far as he is concerned. (*See Record, p. 11.*) The note proves this fact.

Compiled laws, (*p.* 202, § 461,) provides how a judgment shall be rendered. The judgment in this case is not in accordance with the provisions of this section.

This is an error appearing on the face of the record. (*See Compiled Laws, p.* 233, § 4; *p.* 215, §§ 526 *and* 527.)

It is clear, from an inspection of the record, that there is error in the judgment, and the court must reverse the judgment of the court below.

No counsel for defense.

By the Court, KINGMAN, J.  The plaintiff in error gave a note of which the following is a copy:

"271.25.  On the first day of July next, we promise to pay W. W. Bobb two hundred and seventy-one dollars and twenty-five cents, value received.

"November 29, 1860.

SAMUEL C. ROSE,
WILLIAM SOMERS,
H. H. WILCOX, security."

On this note, a judgment was rendered in the district court of Johnson county, against H. H. Wilcox as principal and against Rose and Somers as sureties, who bring the case to this court to reverse or modify the judgment.

The only question presented by the petition in error is whether the judgment of the court below, against Wilcox as principal, and Rose and Somers as sureties, is correct.

This court, in the case of *Kupfer vs. Sponhorst & Co.,* decided that, in determining whether one or more persons, bound by a joint and several obligation, were principals or sureties, under section four hundred and sixty-one of the code, no pleadings are necessary.  That it is made the duty of the court, upon a proper showing, to direct the clerk to enter the judgment, certifying which of the defendants is principal debtor and which are sureties or bail, and this showing may be made to appear by parol or other testimony.

The record in this case does not show how it was made to appear which of the parties were principal and which sureties.

Rose and others *v.* Madden.

There is no bill of exceptions, and no evidence preserved. It is true that the note itself is signed by Wilcox as "security," and this, if standing alone and unexplained, might have authorized a judgment against Rose and Somers as principals, and against Wilcox as surety. But this conclusion from the note alone may have been overborne by testimony perfectly conclusive in its force, that Wilcox was the real principal and the others sureties only. When the record is silent, this court will presume that the court below acted advisedly and upon sufficient proof, and that the judgment was properly entered.

That parol proof was admissible we do not doubt. The mere fact that Wilcox added to his name, when he signed the note, the word "security," does not form any part of the contract between the obligors and the obligee, nor between the obligors themselves. It is at most the statement of a fact forming no part of the contract, and if untrue may be shown to be so by parol as well as any other fact. (1 *Handy,* 271.)

Plaintiffs in error urge that Wilcox by his answer claimed that he was only surety. This is true; but defendant in error controverted this allegation, and the proof being absent we cannot draw any inference from the pleading favorable to plaintiffs in error. In his original answer, Wilcox set forth that by a written agreement between himself and his co-defendants, he was to pay the note. Whether this were so, or if it was true what would be its legal effect, we need not determine.

We are forced to the conclusion that there is no error apparent upon the face of the record.

It is therefore ordered by the court that the judgment be affirmed, with judgment for costs against plaintiffs in error in this court.

This cause having been argued before COBB, C. J., took his seat upon the bench, he did not participate in the decision thereof.