ALFRED STUMP, PLAINTIFF IN ERROR, V. RICHARDSON
COUNTY BANK, ASA VEACH, AND L. D. RITCHIE,
DEFENDANTS IN ERROR.

Negotiable Instrument: PRINCIPAL AND SURETY ON NOTE.
L. D. R. and A. S., for value, made and delivered their joint
and several promissory note to A. V. for $175, payable ninety
days after date.   To this note, in point of fact, L. D. R. was prin-
cipal maker and A. S. security.   This note A. V. endorsed as
guarantor and had discounted at the R. C. Bank.   The note was
not paid at maturity, but was renewed for ninety days, the re-
newal note being signed by L. D. R., A. S., and A. V., in the or-
der named.   The renewal note was not paid in full, $37.50 only
being paid on it by L. D. R.   At the request of L. D. R. the bank
granted a further extension, the third note, or second renewal
note, being signed by the same parties, A. V. placing the word
"Security" after his name, which was objected to by A. S. and
the president of the bank.   In an action by R. C. Bank against
L. D. R., A. S., and A. V., on the said last mentioned note, in
which there was no defense made to the note, the only contention
being between A. S. and A. V. as to the relations severally borne
by them to the note in question, *Held*, That the relationship in
which A. V. and A. S. stood toward each other in respect to the
said note is that of payee and security, and not of co-surety.

ERROR to the district court for Richardson county.
Tried below before APPELGET, J.

*Edwin Falloon* and *C. Gillespie*, for plaintiff in error,
on right of appeal, cited: *Points v. Jacobin*, 12 Kan.,
50.   *Clendenning v. Crawford*, 7 Neb., 475.   On surety-
ship, cited: Brandt, Sec. 226.   *Bunker v. Barron*, 8 Atl.
Rep., 253.   Instruction No. 3, erroneous.   *Houck v.
Graham*, 6 N. E. Rep., 595.   *Warner v. Price*, 3 Wend.,
397.   Instruction No. 4.   Story Eq. Jur., Sec. 493.
Instructions 7 and 11 asked for should have been given.
*Russell v. Failor*, 1 Ohio State, 327.   *Baogott v. Mullen*,
32 Ind., 332.

*Frank Martin*, for defendant in error, Veach, cited: *Wilcox v. Raben*, 38 N. W. Rep., 844. Brandt Suretyship, Sec. 226. *Oldham v. Broom*, 28 Ohio State, 53. *McNaughton v. Partridge*, 11 Ohio, 232. *McKee v. Hamilton*, 33 Ohio State, 14.

COBB, J.

In this case there was no contention between the plaintiff and the defendants, but only between two of the defendants. The cause was originally commenced before a justice of the peace on a promissory note. The justice rendered judgment in favor of the bank, plaintiff, and against L. D. Ritchie, as principal, and Alfred Stump and Asa Veach, as securities, for the sum of $145.40 and costs of suit. The defendant, Veach, being dissatisfied with the judgment, within the statutory time gave an appeal bond to the plaintiff and filed his transcript in the office of the clerk of the district court.

At the next term of the district court, the defendant, Stump, filed his motion to dismiss the appeal in said cause, assigning the following grounds therefor:

" 1. Because no appeal bond has ever been given as required by law.

" 2. That no appeal bond has ever been given or signed by defendant, Stump.

" 3. That no appeal bond has ever been given to defendant, Stump.

" 4. Because defendant, Veach, never filed any pleading or made any issue in any manner in this court, as required by law."

Which motion was by the court overruled. The cause was tried to a jury, which found all the issues for the plaintiff, and further found, " that the defendant, Alfred Stump, is primarily liable to plaintiff for the amount due, and that

defendant, Asa Veach, is only liable as surety upon the failure of Alfred Stump to pay the same," etc.

The defendant, Alfred Stump, brings the cause to this court on error, and assigns seventeen errors. These assignments are too long to admit of their being set out here at length, but all the questions presented will be considered.

There is a minor question raised by the plaintiff in error, which will be here noticed.

That no appeal was ever taken by the defendant, Stump, from the judgment of the justice, nor did the defendant, Veach, give any appeal bond running to the defendant, Stump, neither had Veach filed any pleading, nor had any issue been joined as between Veach and Stump. For these reasons plaintiff in error contends that his motion to dismiss Veach's appeal should have been sustained by the district court.

From an examination of the record, it appears that the appeal was regularly taken. It is true the undertaking was not signed by the defendant, Stump, and was signed by Veach, but need not have been signed by him, as its execution by one good and sufficient surety was all that the statute required. Code, Sec. 1007. This appeal was sufficient to bring the cause to the district court, whether the defendant, Stump, desired it so brought or not. The cause being in the district court, the question of pleading as between the plaintiff and defendants, or between the two defendants, Veach and Stump, was for that court to decide. Doubtless had the defendant, Stump, desired an issue made up between himself and Veach, and had applied to the court for an order directing the same to be done, said order would have been granted. But the fact that no pleadings were filed, nor issue made in said court, in the absence of any application therefor, is not a sufficient ground for the dismissal of the appeal.

The case of *Points v. Jacobin,* 12 Kansas, 50, cited by counsel for plaintiff in error, was an action for contribu-

tion by one maker of a promissory note against another, and against both of whom judgment had been rendered. In that case the court expressed the opinion that it seemed to have been settled, " that no pleading or other formalities are required by the code to bring the question of who is principal and who is surety before the court, but simply the production of the testimony to make the facts appear. *Kupfer v. Sponhorst*, 1 Kan., 75, 85. *Rose v. Madden*, 1 Kan., 445. *Kelley v. Collins*, 11 Ohio, 310. From this it would seem that in every case where two or more persons are sued on any written instrument, the question of who is principal and who is surety is pending, for all the purposes of this proceeding, without pleadings, motions, additional summons, notice, or any other kind of writing whatever."

But the main question was presented by the evidence on the trial in the district court, and is, whether the defendant, Veach, stood in the relation of security to Stump, as well as Ritchie, upon the claim of the plaintiff as against Ritchie, Stump, and Veach? There was no conflict of testimony upon the main question. It appears from the bill of exceptions that L. D. Ritchie applied to Asa Veach to rent certain pasture lands of him in the summer of 1887 ; Veach agreed to the application for $175, if he would give him a good man on the note, as he did not feel disposed to take him alone for it. Whereupon Ritchie procured Alfred Stump to sign a joint note with him, payable to Asa Veach, running perhaps ninety days. This note Veach endorsed as guarantor, and negotiated to the plaintiff in the court below. Upon its becoming due, neither the maker nor the guarantor being in condition to pay it, a new note was given, running directly to the bank, plaintiff, payable ninety days after date and signed by Ritchie, Stump, and Veach. Again, upon this note falling due, the parties still being unable to pay, a third note was given, signed by the same parties,

for the sum of $144.80; the difference between this amount and that of the second note arising from the payment of $37.50 from the sale of certain property of Ritchie by J. W. Holt. This note was not paid at maturity, and is that here sued on.

The main question involved is, whether Veach and Stump were co-sureties of Ritchie, or was Stump surety for Ritchie, and Veach surety for Ritchie and Stump?

Counsel for plaintiff in error contend that the giving of the three notes were separate and distinct transactions; and in support of this they urge that the amounts of the notes are different; but it is apparent from the evidence that there was no difference of amounts of the first and second notes, and that of the second and third arose from the payment on the second from funds of Ritchie by Holt as stated.

It is abundantly shown from testimony that the original consideration for the indebtedness was the note by Ritchie and Stump to Veach for rent of pasture lands. This note, though apparently executed by Ritchie and Stump as principals, was, in fact, as appears from the uncontradicted evidence, given by Ritchie as principal and Stump as surety.

This note was guaranteed or endorsed by Veach to the bank. For aught that appears, the bank was entirely ignorant of the relationship of the makers of the note to the transaction, further than that which was of the face of the instrument itself; so that to it Ritchie and Stump were the makers and sponsors of the note, while Veach was the payee and endorser or guarantor.

It is not contended that anything occurred prior to or at the first renewal to change the relationship of the makers and the guarantor or endorser, except that, as a matter of form, the second or first renewal note was drawn directly payable to the bank, and signed by Ritchie, Stump, and Veach in the order named. Before the second or first renewal note became due, it seems that Ritchie had sold a part of his cattle, and according to the testimony of Stump,

who was sworn as a witness in his own behalf, Veach seemed to be very much interested in the note being paid, and various circumstances are related by him tending to show the interest taken by Veach in the payment of the note, but no contract by or consideration to him, in any manner tending to change the relationship of the parties, is proved or attempted to be. Finally upon the note becoming due, according to the testimony of Stump, "they all three went together to the bank, and Ritchie asked to renew the note six months, and Mr. Slocum granted it, provided that all three would go on the bank note, and he drew up the note, Ritchie signed it, and I signed it. Mr. Veach then put on his glasses and went to one side and wrote his name, and handed it back to Slocum, and started out of the door; Mr. Slocum said something, and Mr. Veach said that was the way he would sign it; and I said 'if that let Veach off of the other note I did not want to stand on the note at all." Mr. Slocum was the president of the bank. It seemed that Veach added the word *security* after his name, to which Stump at the time objected as above. The note was, however, retained by the bank, and is that sued on.

Eleven instructions were asked for by defendant Stump, all but three of which were given; those refused were:

"7th. That the rule of law is, that when from all the facts of the case submitted the parties appear to be sureties they will be presumed to be co-sureties; that the said parties must be considered co-sureties unless a state of facts be shown to your satisfaction positively, or by legal intendment or implication, that these said parties, Veach and Stump, intended that, as to Veach, Stump should stand in the character of principal on said note.

"10th. That an endorsement and guarantee of payment on back of note by the payee, and its sale for a valuable consideration to a banking company, or any other party, by the payee of the note, is an independent, separate

contract, for which, on failure of payment of the note, the bank or other party can bring a separate suit against the party who sold and delivered them the note, without suing the makers of the note.

"11th. That a surety of a surety is not entitled to contribution in this action, and that before Veach could maintain an action against Stump he must first have paid the note in controversy, and then he could commence a new action against Stump. You are therefore instructed that this action cannot be maintained, and that you must find in favor of defendant, Stump, and against defendant, Veach." The refusal of which is assigned for error.

The plaintiff in error assigns for errors the I. and II. instructions given as prayed by defendant, Veach, as follows:

" I.    That if the jury believe from the evidence that the original debt was a note from Ritchie and Stump to Veach, and that said note was sold and endorsed by Veach to the bank, and was not paid, but to conform to the usage of the bank was renewed from time to time, that of itself would not make a new debt. The giving of the renewal notes only changed the evidence of the debt, but did not change the debt itself.

"II.    That if the jury believe from the evidence that the original indebtedness was due from Ritchie and Stump on a note to Veach, and that said note has never been paid, but that the note sued on is only a renewal of the first note, and that the parties so understood and intended it, then your verdict should be for the defendant, Veach, as against defendant Stump."

Considering the seventh instruction refused to be given by the court below, it was rightfully refused, because even if it states the law correctly as it might or could arise under a given state of evidence, it is not applicable to the evidence in the case at bar. For in this case the relationship of each of the parties to the original note is clear and

certain; hence no presumption arises. There were then no facts before the jury to show that Stump and Veach were co-sureties, but on the contrary the evidence was clear and uncontradicted that originally Stump was bound to Veach upon the note as security of Ritchie, and no fact was shown or proved tending to change that relationship as between themselves.

As to the tenth and eleventh instructions, they were properly refused, for the reason that they are clearly inapplicable to the evidence in the case.

As to the first and second instructions given on the part of defendant Veach, and excepted to by defendant Stump, they were rightfully given, as in our opinion they fairly express the law governing the facts, and are applicable to the testimony in support of them. There can be no doubt upon the evidence in the case that had Veach retained the original note instead of passing it to the bank, and it had not been paid at maturity, he could have sued both Ritchie and Stump, and maintained a joint action against them; or having passed the note to the bank, and it not having been paid at maturity, had he then paid and taken it up he would have the same right of action against Ritchie and Stump. The note not being paid, but twice renewed by the parties, and an action being brought by the bank against Ritchie, Stump, and Veach, the question presented is, what are the rights of Veach and Stump as to each other—Ritchie making no defense? I am of the opinion that the legal relations between Veach and Stump, upon the points here presented, are those of payee and surety, and not that of co-surety.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.