GEORGE B. CHAPMAN v. W. S. GARBER.

FILED OCTOBER 1, 1895.   No. 6144.

1. Contribution: PRINCIPAL AND SURETY: PAYMENT BY RE-
     NEWAL OF NOTE.   If a note signed by a principal and two or
     more sureties is discharged by the execution and delivery of a
     new note executed by the principal and one of the sureties, and
     the surety is forced to pay the last note, this does not entitle
     him to, and he cannot, compel his co-surety or co-sureties on the
     first note to contribute.   The execution and delivery of the sec-
     ond note was not a payment of the first note by the surety alone.
     It but effected a change in the form of contract.

2. ———: ———: ———.   A promissory note to be executed for the

purpose of discharging a prior note signed by a principal and two sureties was presented by the principal maker to one of the sureties for his signature, it then bearing the signatures of the principal and other surety on the prior note. *Held*, In the absence of any agreement or understanding with his co-surety on the prior note in regard to his signing the second note as surety, he had the right to refuse to sign the second note, or he could sign it in such manner as to limit or modify his liability and make it other than that of a surety, and, if he did so sign it, the surety, being compelled to pay it, could not exact contribution from him.

3. **Negotiable Instruments:** PRINCIPAL AND SURETY. The opinion in the case of *Stump v. Richardson County Bank*, 24 Neb., 522, examined and distinguished.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J.

*Davis & Hibner*, for plaintiff in error.

*Reese & Gilkeson, contra.*

HARRISON, J.

The plaintiff in this action stated in his petition, in substance, that Al. E. Ewan, as principal, and the plaintiff and defendant, as sureties, of date July 13, 1889, signed and delivered to the Capital National Bank a promissory note in the sum of $300, payable ninety days after date; that the note was not paid at its maturity, but was renewed, and the time of payment extended three several times, the last of which renewals was of date November 17, 1890, and before maturity of the last of the renewal notes the principal, Al. E. Ewan, became insolvent and absconded from or left the state, and on the 26th day of November the plaintiff paid the amount of indebtedness. The relief prayed for was judgment for $150, or one-half the amount paid, with interest, or for contribution as co-surety. The defendant in his answer admitted signing as surety the note declared upon in plaintiff's petition; denied that there were

any renewals of it, and further pleaded that it was paid in full by the principal maker, and that the other notes which were signed by plaintiff and defendant as sureties for Ewan were by him paid; that on August 16, 1890, Ewan, as principal, and plaintiff, as surety, signed a note in favor of the Capital National Bank for the sum of $300, payable ninety days after date, which the defendant also signed as follows: "W. S. Garber, guarantying note good and collectible," and not as surety; that this note was paid November 26, 1890, by the plaintiff and he has sued the defendant in this action for one-half of the amount then paid. The reply of plaintiff is as follows:

"Comes now the plaintiff, and for reply to the defendant's answer herein filed—

"1. Admits that the defendant signed said note as surety and co-surety with the plaintiff, but denies that said note was paid by Al. E. Ewan, and alleges that said note was never paid, but was renewed from time to time until the same was paid by this plaintiff as alleged in his petition, and denies each and every allegation of new matter in said answer set forth."

The result of a trial in the district court, a jury being waived, was a judgment for defendant, to reverse which is the object of this error proceeding on behalf of plaintiff.

It appears from the evidence that the four notes were executed and delivered to the bank and that the second was a renewal or payment of the first, the third of the second, and the fourth of the third. That the first, second, and third were signed by plaintiff and defendant as sureties for Al. E. Ewan, the principal maker; that the fourth was signed by the principal and presented to the plaintiff, who signed and gave it to the principal, who presented it to defendant to sign; that defendant refused to attach his signature to it in the relation of surety, but did sign it in the manner we have hereinbefore indicated, after which the note was delivered to the bank and the third of the series

canceled and surrendered to the parties. It does not appear that there was any understanding or agreement between plaintiff and defendant in regard to signing the notes and their relative rights and positions created or to be established thereon. It is urged by counsel for plaintiff that if the indebtedness evidenced by the third note was extinguished or paid by the execution and delivery to the bank of the fourth, that, inasmuch as plaintiff signed the last note as surety and it paid the third, on which the defendant was his co-surety, the liability of the defendant to contribute to the payment was established by such satisfaction of the third note. This argument in behalf of plaintiff is not sound and the position assumed is untenable. If the fourth note, or the one by which the third was paid, had been the individual note of the plaintiff it would have been a payment by him and would have entitled him to contribution from defendant, but the fourth note being the obligation of the principal debtor and the plaintiff, and also signed by defendant, was not a payment of the debt by plaintiff and did not create the right in him to call upon the defendant for contribution. (*Bell v. Boyd*, 13 S. W. Rep. [Tex.], 232; the doctrine which is referred to with approval in *Smith v. Mason*, 44 Neb., 610.) It is further contended by counsel for plaintiff that inasmuch as plaintiff and defendant had signed the first note as co-sureties, and created the liabilities each to the other by such act of signing, it was not competent or within the power of defendant to alter or modify the existing liability as between him and his co-surety. Here we will again call attention to the facts attending the execution of the fourth note, or last of the series which figured in the transactions out of which arose the present controversy. There was no agreement or understanding between plaintiff and defendant in regard to signing any of the notes. When the last one was executed the principal and plaintiff attached their signatures to it and it was then entrusted to the principal to

obtain that of the defendant, who refused to again sign as surety, but signed it in the manner herein shown, and not so as to be liable to plaintiff as a co-surety, and the note was then delivered to the bank and the third of the notes given was canceled and surrendered and this one took its place. The defendant had the right to refuse to sign the last note, or to sign it in the manner or with such restrictions as to liability as he chose or desired to make, and the plaintiff cannot recover against him in this action as a co-surety.

We are cited by counsel for plaintiff to the case of *Stump v. Richardson County Bank*, 24 Neb., 522, and it is insisted that the rule therein announced is applicable to the facts and circumstances developed in the case at bar and decisive of the questions involved. A careful reading of the case referred to convinces us that it does not conflict with the rule announced herein. It must be borne in mind that in all cases of this nature the actual intention of the parties to an instrument, or the actual relationship which exists, may be shown, regardless of the form which the transaction may have assumed or which may have been attempted to place upon it, and in the case of *Stump v. Richardson County Bank, supra*, this doctrine was applied: That there were no facts proved tending to establish a change in the relationship between the parties litigant at the making and indorsing of the first note prior to or at any renewal of it, the change made being merely in a matter of form. In the case at bar the facts show both an intention to change the relationship and an expression of the intention in the form of signature, and to make a change which it was entirely competent and within the power of defendant to make if he so desired. The judgment of the district court is

AFFIRMED.