M. O. AYRES V. J. F. DUGGAN.

FILED FEBRUARY 9, 1899. No. 8658.

1. **Action on Appeal Bond.** The issuing of an execution is not a condition precedent to the right of a judgment creditor to maintain an action against the signer of an appeal undertaking executed to enable the judgment debtor to appeal.

2. **County Court: APPEAL.** Appeals from judgments of a county court are taken in the same manner as appeals from justices of the peace. (Compiled Statutes, ch. 20, sec. 26.)

3. ———: ———: BOND. It is not necessary for an appellant from a county court or justice court to sign the appeal undertaking. It need be executed only by some one in his behalf.

4. **Defect of Parties: WAIVER.** A defense that there is a defect of parties defendant is waived unless taken advantage of by demurrer or answer.

5. ———: APPEAL. Such a defense cannot be urged for the first time in this court.

6. **Replevin: FINDINGS AND JUDGMENT.** A judgment in an action of replevin, based on a general finding in favor of the defendant, but without a finding that he was entitled at the commencement of the suit to possession of the property, if erroneous and voidable, is not void.

7. ———: ———: COLLATERAL ATTACK. For such a defect such a judgment is invulnerable when attacked collaterally by any one.

ERROR from the district court of Dakota county. Tried below before EVANS, J. *Affirmed.*

*Jay & Welty,* for plaintiff in error:

The petition is defective because it nowhere alleges that an execution had been issued and returned before the commencement of suit. (Brandt, Suretyship & Guaranty [2d ed.] sec. 460; *Cooper v. Rhodes,* 30 La. 533; *Pinard v. George,* 30 La. 384; *Staley v. Howard,* 7 Mo. App. 377; *Paxton v. Rich,* 7 S. E. Rep. [Va.] 531; *Taylor v. Cockrell,* 16 S. W. Rep. [Tex.] 786.)

Suit should have been brought against the principal as well as the sureties. (*Van Sickle v. Buffalo County,* 13 Neb. 120.)

The judgment is void, for the reason that there is no finding. (*Smith v. Silvis,* 8 Neb. 164; *Foster v. Devinney,* 28 Neb. 416; *Hooker v. Hammill,* 7 Neb. 231; *Manker v. Sine,* 35 Neb. 746; *Singer Mfg. Co. v. Dunham,* 33 Neb. 686; *Hanscom v. Burmood,* 35 Neb. 504; *Brounty v. Daniels,* 23 Neb. 162.)

The terms of an appeal bond must be strictly construed, and the courts have no power to extend the terms of an undertaking beyond what is therein clearly expressed. (Brandt, Suretyship & Guaranty [2d ed.] sec. 495; *Zeigler v. Henry,* 43 N. W. Rep. [Mich.] 1018.)

*Spaulding, Taylor & Burgess* and *W. P. Warner, contra.*

Cases cited by defendant in error are referred to in the opinion.

RAGAN, C.

G. W. Wilkinson brought suit in the county court of Dakota county against J. F. Duggan. The latter had judgment, and Wilkinson appealed, M. O. Ayres executing the appeal undertaking. The trial in the district court resulted in a judgment in favor of Duggan. This judgment not having been paid, Duggan brought this

suit in the district court of said county against Ayres on the appeal undertaking. He had judgment, and Ayres has filed a petition in error here for its review.

1. The first contention is, in effect, that the petition does not state facts sufficient to constitute a cause of action. This argument is based upon the contention that the petition does not allege an execution was issued on the judgment rendered by the district court against Wilkinson, and returned unsatisfied, in part at least, prior to the institution of this suit on the appeal undertaking. But the issuing of an execution and its return unsatisfied is not a condition precedent to the right of a judgment creditor to maintain an action against the signer of an appeal undertaking executed to enable the judgment debtor to appeal. (*Flannagan v. Cleveland*, 44 Neb. 58; *Johnson v. Reed*, 47 Neb. 322.)

2. A second argument is that Wilkinson, the party against whom the judgment, both in the county and district courts, was rendered, was a necessary party to this action. Appeals from judgments of a county court are taken in the same manner as appeals from justices of the peace. (Compiled Statutes, ch. 20, sec. 26.) It is not necessary for the party against whom a judgment in a county court, or a justice court, is rendered, and who appeals from such judgment, to sign the appeal undertaking, as it need be executed only by some one in behalf of the party appealing. (*Stump v. Richardson County Bank*, 24 Neb. 522; *Van Etten v. Kosters*, 48 Neb. 152; *Chase v. Omaha Loan & Trust Co.*, 56 Neb. 358; Code of Civil Procedure, sec. 1007.) In the case at bar Wilkinson, against whom the judgment in the county court was rendered, did sign the appeal undertaking. This undertaking was incorporated into, and made part of, the petition in this case. Wilkinson was not sued in this action, and the appeal undertaking is not a joint, but the several, obligation of Wilkinson and Ayres. We do not think that Wilkinson was a necessary party to this action, but if there was a defect of parties defendant to the action,

that fact appeared upon the face of the petition, and the defect could have been reached by demurrer. (Code of Civil Procedure, sec. 94.) The petition was not demurred to for that reason, nor was it suggested by the answer filed that there was a defect of parties defendant because Wilkinson was not sued. The petition states a cause of action against Ayres, and he cannot now be heard to urge the objection that there was a defect of parties defendant to the action. (*Hurlburt v. Palmer*, 39 Neb. 158; Code of Civil Procedure, sec. 96.)

3. The third argument is that the judgment of the county court was void. The action was replevin, and tried to the county court without a jury. The exemplification of that judgment in the record recites: "After hearing the evidence and the argument of the counsel, I find in favor of the defendant. It is therefore considered by me," etc. The argument is that this judgment was void because the county court did not make a finding that, at the commencement of the action in the county court, the defendant was entitled to possession of the property. This judgment may have been erroneous and voidable for the reasons stated, but it was not, and is not void. (*Doty v. Sumner*, 12 Neb. 378; *Connelly v. Edgerton*, 22 Neb. 82.) The judgment of the county court may have been open to direct attack by the parties thereto, but the plaintiff in error recognized the validity of the judgment by executing an undertaking and enabling the defendant therein to appeal therefrom; and the appeal consigned all irregularities in that judgment to the dead past, beyond recall or resuscitation, and in this collateral proceeding the only attack the plaintiff in error can make upon that judgment is that it was void for want of jurisdiction of the court to render it. As a matter of law there was no judgment rendered. (*Irwin v. Nuckolls*, 3 Neb. 441.)

4. Complaints are made as to the action of the district court in receiving certain evidence at the trial. The case was tried to the court without a jury, and we cannot

52

disturb the court's finding even if it admitted incompetent and immaterial evidence on the trial, provided there is sufficient competent evidence in the record to sustain the judgment, as the presumption will be indulged in such case that the court considered only testimony which was competent. (*Monroe v. Reid*, 46 Neb. 316; *King v. Murphy*, 49 Neb. 670; *Whipple v. Fowler*, 41 Neb. 675; *Scroggin v. Johnston*, 45 Neb. 714.) There is in the record sufficient competent evidence to sustain the judgment, and it is accordingly

AFFIRMED.